**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2885
_____

UNITED STATES OF AMERICA

v.

MARK SLEBODA,
                              Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 3-06-cr-00385-004)
District Judge: Honorable Edwin M. Kosik

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 10, 2017

Before: HARDIMAN and KRAUSE, *Circuit Judges*, and STENGEL, *District Judge*.[*]

(Opinion filed: May 24, 2017)

_____

OPINION[**]

_____

---

[*] The Honorable Lawrence F. Stengel, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellant Mark Sleboda appeals the revocation of his supervised release and the resulting ten-month sentence imposed. Because he has now completed his sentence, we will dismiss his appeal as moot.

Sleboda's underlying criminal sentence began in 2010, when the District Court sentenced him to forty-two months' imprisonment and three years' supervised release for violations of federal controlled substances laws. Sleboda completed his term of imprisonment in 2013 and commenced his period of supervised release. Before Sleboda's supervised release period concluded, however, the District Court's Probation Office filed a petition for revocation, citing instances of continued controlled substances possession. Sleboda admitted to some of the possession charges at the revocation hearing, and the District Court proceeded to revoke his supervised release and to sentence him to ten months' additional imprisonment. Sleboda timely appealed.[1]

On appeal, Sleboda's counsel moves to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), but both he and the Government contend that, because Sleboda has completed his ten-month sentence, his appeal is now moot. That contention rests on the constitutional requirement that where, as here, a previously incarcerated individual challenges the validity and terms of the judgment against him, "some concrete and continuing injury other than the now-ended incarceration" must exist for the individual's

---

[1] The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3565, and we ordinarily would have jurisdiction to review its final order under 28 U.S.C. § 1291. We lack that jurisdiction here, however, for the reasons stated below.

challenge to present a live case or controversy. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). If such an injury does not exist, then the case is moot and we must dismiss it for lack of jurisdiction. *See id.*

Of course, collateral consequences flow from a criminal conviction, and thus a challenge to a conviction is not moot when the convict completes his term of incarceration. *Id.* at 8. But we do not likewise presume collateral consequences to flow from a supervised release revocation, *United States v. Huff*, 703 F.3d 609, 611-12 (3d Cir. 2013), and, even if a revocation could be used against a previously incarcerated individual in a future proceeding, that possible consequence is "a possibility rather than a certainty or even a probability" and does not provide a ground for federal jurisdiction, *Spencer*, 523 U.S. at 14-16.

Such is the case here. Sleboda has completed his sentence, and he cannot claim collateral consequences based on the possibility that his revocation will be used to his detriment in a future proceeding. *Id.* His appeal is therefore moot, and we lack jurisdiction to proceed further. *See id.* at 7.

For the foregoing reasons, we will dismiss this appeal.

3